UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| JEROME CASEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 23-024-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| NURSE JANE DOE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate/Plaintiff Jerome Casey is currently confined at the Kenton County Detention Center ("KCDC") in Covington, Kentucky.  Proceeding without an attorney, Casey has filed a civil complaint pursuant to 42 U.S.C. § 1983, asserting claims against Defendants Nurse Jane Doe, Nurse Practitioner Jane Doe, and Quality Correctional Care. [Record No. 1]  The Court previously granted Casey's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  [Record No. 6] Thus, the Court now conducts a preliminary review of Casey's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

A district court must dismiss a claim following initial screening if that claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).  However, the Court evaluates Casey's complaint under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court

-1-

accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Casey's alleges that he suffered chest pains on January 13, 2023. [Record No. 1 at p. 2] According to Casey, Nurse Jane Doe checked his blood pressure (which was high) and indicated she would return with medication, but did not do so. Casey claims that his blood pressure was not checked again until later that evening and, although it was still high, no medication was given to him, nor was there an urgent medical response. [*Id.*]

Casey states that he submitted a medical request regarding his blood pressure on January 21, 2023. He states that Nurse Jane Doe checked his blood pressure and it monitored 210/100, which is considered very high. Casey alleges that another nurse was supposed to come back and check it again, but did not return and no medication was given. [*Id.* at p. 2, 5]

Casey again complained of chest pains on January 24, 2023, and was taken to the medical department at KCDC. He states that staff tried to perform an EKG, but none of the nurses knew how to perform the procedure and, in any event, the EKG machine did not work. [*Id.* at p. 5] Casey states that he was then taken to St. Elizabeth Hospital, where he was treated for unspecified chest pains, obstructive sleep apnea, ASHD (arteriosclerotic heart disease), dyslipidemia, essential hypertension, Type-2 diabetes mellitus with hyperglycemia, and nonischemic cardiomyopathy. [*Id.* at p. 3, 5]

Casey also asserts that, as a result of his history of heart problems (including two prior heart attacks), he was taking 40 mg of Lisinopril prior to being incarcerated, as well as other medications for his heart and various health conditions. [*Id.* at p. 3] He claims, however, that Nurse Practitioner Jane Doe has refused to provide him with required medications, including

medications that were recommended by the doctor who examined him on January 24, 2023, at St. Elizabeth Hospital.  [*Id.*]

Based on the foregoing, Casey claims that the defendants have acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  [*Id*. at p. 4, 6]  He also alleges violations of his Fourteenth Amendment Due Process rights, listing various Kentucky regulations related to prisoner medical care that he claims have been violated.  [*Id*. at p. 6]  But after screening the complaint, and for the reasons that follow, the Court finds that Casey's Fourteenth Amendment due process claim and his claims against Quality Correctional Care should be dismissed for failure to state a claim for which relief may be granted.

While Casey lists Quality Correctional Care as a defendant, the only allegations against this entity are that it has a contract with the KCDC to provide inmate medical care and that it is the employer of the individual Doe defendants.  A private corporation that performs a public function, such as contracting with a municipality to provide health care for its prisons, may be found to act under color of law for purposes of § 1983.  *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991).  Nevertheless, "respondeat superior alone does not create liability under § 1983."  *Id.* at 748-49.  Rather, for a suit to lie against a private corporation, it must act "pursuant to a policy or custom."  *Id.* at 749.  "[J]ust as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."  *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (citations omitted).  Thus, Quality Correctional Care is only liable under § 1983 if its employees cause injury by carrying out the corporation's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), and a plaintiff must specify the

corporate policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010).

Casey has not alleged or identified a policy or custom of Quality Correctional Care that resulted in the alleged violation of a constitutional right. Rather, he seeks to hold the company liable for the actions of its employees. Accordingly, Casey's complaint fails to state a constitutional claim against Quality Correctional Care and that entity will be dismissed from the action. *Id*.; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Next, while it is not entirely clear, Casey's Fourteenth Amendment claim appears to be based upon allegations that the defendants breached his due process rights because their conduct allegedly violated a variety of Kentucky Administrative Regulations related to prisoner medical care. [Record No. 1 at p. 6, citing 501 Ky. Admin. Reg. 3:90 (establishing procedures for the proper delivery of medical services in full-service jails), 505 Ky. Admin. Reg. 2:110 (administrative regulation governing medical and health care services in juvenile detention centers and juvenile holding facilities), and 501 Ky. Admin. Reg. 7:140 (establishing procedures to ensure the rights of prisoners in restricted custody centers) and stating that "Defendants' and each of their actions or inactions as described here in this complaint violated my Due Process."] However, Casey's broad allegation that the "defendants" as a group violated his due process rights fails to adequately identify what, exactly, any particular defendant did or did not do in violation of his rights. Federal notice pleading requires, at a minimum, that a complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Indeed, "[e]ven a pro se prisoner must

-4-

link his allegations to material facts . . . and indicate what each defendant did to violate his rights . . .” *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Nor does Casey identify any particular provision of the state regulations (not all of which appear to even apply to Casey) that has allegedly been violated.  However, even if he had, “[i]t has long been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983.”  *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010).  *See also West v. Kentucky Horse Racing Comm'n*, 425 F. Supp. 3d 793, 809 (E.D. Ky. 2019).   In addition, “[p]rison regulations are primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates.”  *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995).  *See also Runkle v. Fleming*, 558 F. App'x 628, 632–33 (6th Cir. 2014) (noting that Kentucky's administrative regulations authorized by K.R.S. § 197.020(1)(b) to preserve the health of prisoners “do not provide any private right of action for prisoners to sue the corrections facility, its employees, or its agents.”); *Johnson v. Prison Health Services, Inc.*, No. CIV.A. 3:06-CV-516H, 2009 WL 3856188, at *2 (W.D. Ky. Nov. 17, 2009) (recognizing that “the viability of a claim for violations of 501 KAR Chapter 3 is questionable under any circumstances” and “confidently predict[ing] that Kentucky courts would not create a separate and independent cause of action from general administrative regulations related to the operations of prisons.”) (citing *Hargis v. Baize,* 168 S.W.3d 36 (Ky. 2005)).

The Supreme Court has expressly held that where a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the broad rubric of substantive due process.  *County of*

*Sacramento v. Lewis*, 523 U.S. 833, 843 (1998). *See also Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."). Thus, despite Casey references to his due process rights and the Fourteenth Amendment, the Eighth Amendment is the proper vehicle to assert Casey's "deliberate indifference" claims related to his medical care. *See Cooleen v. Lamanna*, 248 F. App'x 357, 362 (3rd Cir. 2007) (viability of claim under Eighth Amendment to challenge medical care of prisoner forecloses availability of substantive due process claim). Casey's Fourteenth Amendment claims will be dismissed for these reasons.

Regarding Casey's Eighth Amendment claims against Nurse Jane Doe and Nurse Practitioner Jane Doe, the Court concludes that the issues presented by Casey's complaint are best resolved upon a more developed record and, therefore, a response is required from these individual defendants. Because Casey is proceeding *in forma pauperis*, the Court would typically direct the United States Marshals Service ("USMS") to serve Nurse Jane Doe and Nurse Practitioner Jane Doe on Casey's behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). However, when service of process by federal marshals is executed pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, the plaintiff bears the initial responsibility of identifying the defendants with sufficient particularity for the marshals to attempt service. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). The information provided by Casey does not satisfy this burden. Accordingly, he is advised of Rule 4(m) of the Federal Rules of Civil Procedure which provides, in part, as follows:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m).  Casey is notified that if Nurse Jane Doe and Nurse Practitioner Jane Doe are not named and served within 90 days from the date of this Order, his claims against them will be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

Accordingly, it is hereby **ORDERED** as follows:

1.      Plaintiff Casey's claims against Defendant Quality Correctional Care and his Fourteenth Amendment claims against all defendants are **DISMISSED** without prejudice and Quality Correctional Care is **DISMISSED** as a party to this action.

2.      Plaintiff Casey's Eighth Amendment claims against Defendants Nurse Jane Doe and Nurse Practitioner Jane Doe remain pending.

3.      Plaintiff Casey is advised that if Defendants Nurse Jane Doe and Nurse Practitioner Jane Doe are not named and served within 90 days from the date of this Order, the claims against these defendants will be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

4.      If Plaintiff Casey wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office.  Any motion Casey files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing.  **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

Dated:  March 9, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky